IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ROBERT JEFFERSON                )
                                )
    Plaintiff,              )
                                )
v.                              )     Civil Action No. TMD 09-225TMD
                                )
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
    Defendant.              )


MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Robert Jefferson ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 9) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 24). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

I. Procedural History

Plaintiff protectively filed his applications for DIB on November 8, 2004 alleging

disability since September 10, 2002.[1]  R. at 53-57.  His claim was denied initially and on reconsideration.  R. at 44-49.  On November 1, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified.  R. at 375-91.  Plaintiff was represented by counsel.  In a decision dated December 4, 2007, the ALJ denied Plaintiff's request for benefits.  R. at 11-22.  The Appeals Council denied review on December 5, 2008 making the ALJ's decision binding and this action is ripe for review.  R. at 3-6.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB using the sequential process set forth in 20 C.F.R. § 404.1520.  At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since his amended alleged onset date.  At step two, the ALJ determined that Claimant suffered from the following severe impairments: status post open reduction internal fixation left femur and degenerative joint disease.  At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that Plaintiff is not capable of performing his past relevant work.  At step five, the ALJ concluded that given his residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform.  Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act.  R. at 11-22.

## III.  Standard of Review

---

[1] At the hearing, Claimant amended his alleged onset date of disability to July 23, 2004.  R. at 14, 377.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff contends that (1) the Appeals Council failed in its duty of explanation; (2) the ALJ failed to properly develop the record; and (3) the ALJ erroneously assessed the Plaintiff's RFC. For the reasons discussed below, the Court finds Plaintiff's arguments to be without merit.

### A. New and Material Evidence

Plaintiff argues that the case should be remanded based on the failure of the Appeals Council to articulate its reasons regarding the evidence submitted to it. The issue of reviewing

the decision of the ALJ in the absence of any explanation from either him or the Appeals Council regarding the weight given to the newly submitted medical evidence is not new to this Court. This Court recently addressed this dilemma in *Waters v. Astrue*, No. 06-101PWG (D. Md. July 18, 2007) and *Barton v. Astrue*, No. 06-790PWG, (D. Md. July 18, 2007). The Court held:

> New evidence is evidence which is not duplicative or cumulative. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F. 2d at 96. When the Appeals Council incorporates new evidence into the record, the Court must review the record as a whole including the new evidence. *Id.* To the extent that my decision in *Hawker v. Barnhart*, 235 F. Supp.2d 445 (D. Md. 2002)] is read as having departed from the standards for review of new evidence set forth in *Wilkins*, by mandating that a remand must always follow whenever the Appeals Council fails to explain how it evaluated new evidence presented to it, regardless of whether this evidence could have changed the outcome when considered with the evidence produced before the ALJ, it should no longer be followed, as *Wilkins* does not require such an automatic remand, and it is controlling.

*Barton*, Mem. Op. at 4, *Waters*, Mem. Op. at 3; *see also Hott v. Astrue*, Civ. No. JKB-09-2729, 2010 WL 4781303 (D. Md. Nov. 17, 2010).

There is no requirement that the Appeals Council provide a detailed explanation of newly submitted evidence in situations where review is denied. *See Freeman v. Halter,* 15 Fed. Appx. 87, 2001 WL 847978 (4th Cir. 2001); (the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to change the ALJ's decision). At the same time, it is well-established that this Court must review the entire record , *see Wilkins*, 953 F.2d at 96, and is not permitted to weigh evidence but rather must determine whether substantial evidence supports the Commissioner's decision. *See Bryant v. Barnhart*, 04CV17, 2005 WL 1804423 at *5 (W.D. Va. Jan. 21, 2005)

("While the Appeals Council is not required by its regulatory scheme to provide a detailed statement of reasons regarding late breaking evidence, its failure to deal with such evidence in any fashion meaningful to the district court's substantial evidence review runs the *risk* of a remand to require the Commissioner to explicitly consider the additional evidence *under certain circumstances*.") (emphasis added).

> Court is unwilling to adopt a bright line rule that a remand is required solely because the Appeals Council fails to provide an explanation for its consideration of the additional evidence. The Court's role continues to be the determination of whether substantial evidence supports the Commissioner's decision; now, in light of the evidence which the ALJ never considered. Additionally, while evidence considered by the Appeals Council must have been found to be "material", *i.e.* a reasonable possibility that it would have changed the outcome, that alone clearly does not necessitate a finding at the district court level that the case be remanded. Rather, at this juncture, the Court's role is to determine whether the record, as [a] whole (including that evidence considered by the Appeals Council), supports the Commissioner's findings. *Wilkins*, 953 F.2d at 96. While the Court notes that under the outline laid out in this opinion, its review includes evidence which was neither considered by the ALJ nor explained in any meaningful fashion by the Appeals Council, it still does not undertake to *weigh* the evidence.

As stated in this Court's prior decision, the

*Yolonda Moore v. Astrue*, No. 05-2952, (D. Md. Aug. 4, 2007). Accordingly, the Court, in reviewing the record as a whole, must determine if the new evidence calls into doubt the decision of the ALJ. Here, the Court finds that it does not and accordingly, a remand is not necessary.

The new evidence consists of additional records from Plaintiff's treating health care provider, Kaiser Permanente, dated February and March, 2008. R. at 367-74. Plaintiff argues that this evidence which relates to the period only approximately a month after Plaintiff's date last insured of December 31, 2007, demonstrates compression defects at multiple levels and

degenerative disc disease predominantly at L3-4 and L4-5. He further argues that these impairments would have resulted in greater limitations in his ability to perform work-related activities and further, that it would have limited Plaintiff to sedentary, as opposed to light work. Pl.'s Mot. Summ., ECF No. 9 at 5.

As Plaintiff correctly points out, the Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision. R. at 2-6. While the Appeals Council provided nothing further by way of explanation, the Court finds no error. The evidence consists of results from a CT scan of Plaintiff's lumbar spine dated March 2008 and notes and other test results from a February 2008 examination. First, it is not clear whether the conditions that the notes describe existed prior to Plaintiff's DLI. See R. at 371 (noting "compression defects" may be "old or new"). With respect to the March 2008 CT Scan, the report clearly indicates the conditions discovered are of either a "mild" or "mild to moderate" range. R. at 370. Treatment notes dated February 7, 2008 indicate Claimant was in no acute distress, experienced no back trauma and had negative straight leg testing. R. at 371. Dr. Glen Jacob of Kaiser Permanente described the CT scan dated March 7, 2008 as demonstrating osteoarthritis and simply recommending Claimant continue with his current medications. R. at 374. The Court agrees with the Defendant that the diagnosis of mild-to-moderate degenerative disc disease, is a condition that is common to most naturally aging people. *See www.webmd.com/back-pain/tc/degenerative-disc-disease-topic-overview (*"Degenerative disc disease is not really a disease but a term used to describe the normal changes in your spinal discs as you age."). The Court finds, without hesitation, that the evidence submitted to the

Appeals Council would not have likely changed the outcome of the ALJ's decision.

B.   Failure to Develop the Record

Plaintiff next argues that the ALJ failed to properly develop the record by (1) failing to obtain the results of a consultative examination and (2) failing to order a new consultative examination in its absence. Plaintiff points to a notation in the record of an appointment with Dr. Rafik Muawwad and a resulting report. R. at 115. The Court agrees with Plaintiff that the actual report is not in the record. The Court finds that the ALJ's opinion is nevertheless supported by substantial evidence.

First, Claim Examiner, Franklyn Marshall's notes indicate the consultative examination report was reviewed but nonetheless supported a light RFC. R. at 187. Moreover, the evidence in the record is not inadequate to determine whether Claimant is disabled or not but amply supports a finding of non-disability. For example, notes dated March 9, 2007 showed that despite complaints of pain, left hip range of motion ok, no signs of trauma, hematomas or effusion to left knee although there was some point tenderness on the knee line. Range of motion was described as "ok" and there was no effusion or erythmea to the right elbow and a full range of motion. R. at 129. An x-ray of the left knee also dated March 9, 2007 showed "stable exam showing no interval change and no significant abnormalities of the left knee." R. at 130. Similarly, an x-ray of the left hip and femur showed no arthritic changes in hip and indicated that"[t]he appearance of the hip region has been stable since 2006." R. at 131. In addition, notes dated April 25, 2007 revealed an "unremarkable" x-ray, patient in no acute distress, no edema, normal range of motion in elbow, no effusion and no point tenderness or

laxity. R. at 123. August 20, 2007 notes revealed largely the same examination results. R. at 117-21. The Court notes that the treatment notes described above are largely exemplary of other notes in the record. The Court finds that the ALJ's RFC is supported by the record despite the fact that the results of a consultative examination apparently were not made part of the record.

In addition, for the same reasons, the Court finds that the ALJ did not err by failing to order a consultative examination. A consultative examination is obtained in order to resolve any conflicts or ambiguities within the record, and "to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 404.1519a(a)(2). Such an examination can be ordered by the ALJ once he has given "full consideration to whether the additional information needed ... is readily available from the records of [the claimant's] medical sources." 20 C.F.R. § 404.1519a(a)(1). However, prior to ordering a consultative examination, the ALJ is to not only consider the existing medical records, but he also should consider "the disability interview form containing [the claimant's] allegations as well as other pertinent evidence in [the claimant's] file." 20 C.F.R. § 404.1519a(a)(1). The ALJ may order a consultative examination "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § 404.1519a(b).

The circumstances required to order a consultative examination were not met in this case. The record is replete with contemporaneous medical records (spanning the relevant time period) including treatment notes, laboratory test results and diagnoses. There is simply no

8

basis to assert that the ALJ found the evidence in the record insufficient to make his findings.

      C.      RFC

Finally, Plaintiff alleges that the ALJ failed to set forth a narrative discussion citing medical facts to support his RFC assessment. RFC is the most work an individual can do, despite her limitations, for 8 hours a day, 5 days a week. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2. The ALJ must make the RFC determination at step four of the sequential evaluation process after considering all of the relevant medical and non-medical evidence. 20 C.F.R. § 416.920(e). The regulations provide the following guidelines for how an ALJ should determine a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. § 404.1545(b). The RFC determination must include a function-by-function assessment based upon the claimant's functional limitations and ability to do work-related activities, and must be based on all of the relevant evidence in the record. SSR 96-8p at *3. The ALJ must address both the exertional and nonexertional capacities of the individual. SSR 96-8p at *5-6. The evaluation must also include a narrative discussion describing how medical facts and non-medical evidence support the ALJ's conclusion. *Fleming v. Barnhart,* 284 F.Supp.2d 256, 271 (D.Md.2003); SSR 96-8p at *7.

9

In assessing Claimant's RFC, the ALJ discussed in narrative form the medical evaluations and reports of various doctors and radiologists including Drs. Hurley (Claimant's treating physician at Kaiser Permanente), Orzach (radiologist), Gorelik (radiologist), Jacob and state agency medical consultants, as well as Claimant's work history, treatments, hearing testimony, and prior reports of his ability to perform activities of daily living. R. at 16-20. The ALJ also assessed Claimant's credibility prior to determining his RFC. (R. 19). The ALJ's discussion fully and logically explains the evidence and how it supports the ALJ's determination that Claimant can perform light work. The ALJ's function-by-function assessment and narrative discussion were proper, and the determination of Claimant's RFC is supported by sufficient evidence.[2]

V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: January 13, 2011 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

---

[2] With respect to Plaintiff's argument that the ALJ failed to express any limitations with respect to those impairments found to be severe, the Court similarly rejects this argument. Light work inherently limits Plaintiff to lifting and carrying objects no more than 20 pounds occasionally and 10 pounds frequently. 20 C.F.R. §1567(b). Indeed, the ALJ found Plaintiff incapable of performing his past relevant work at the heavy exertional level, R. at 20, and rejected the opinion of a State agency medical consultant who opined Claimant was capable of performing medium work. *Id*.

Copies to:
Stephen Shea, Esq.
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692